IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-02639-RBJ

ANSELMO ORTIZ ORTIZ,
JOHANNA ORTIZ, and
ARMANDO ORTIZ,
JOSE LUIS ESPINOSA RODARTE

    Plaintiffs,

v.

TRAVIS DePRIEST, Colorado State Patrol,
STEVEN JOHNSON, Colorado State Patrol,
BRYAN LARREAU, Colorado State Patrol,
GEORGE DINGFELDER, Colorado State Patrol,
MARK TROSTEL, Colorado State Patrol,
DOYLE EICHER, Colorado State Patrol,
JOHN DOE 1, Colorado State Patrol,
LINETTE SCHMIDT, Colorado State Patrol,
JOHN DOE 2, Colorado State Patrol,
JOHN DOE 3, Colorado State Patrol,
BILL RITTER, State of Colorado,
LOUIS GALLEGOS, Louis' Paint and Body,
JULIE L. MYERS, U.S. Department of Homeland Security Immigration and Customs Enforcement,
EDWARD TOLBERT, U.S. Department of Homeland Security Immigration and Customs Enforcement,
JOHN P. LONGSHORE, U.S. Department of Homeland Security Immigration and Customs Enforcement,
HARRY M. QUALANTONE, U.S. Department of Homeland Security Immigration and Customs Enforcement, and
HOLLY LANDGREN, U.S. Department of Homeland Security Immigration and Customs Enforcement,

    Defendants.

ORDER

This order addresses (1) the motion of the "State Defendants" to strike plaintiffs' Second Amended Complaint,[1] (2) the motion of the "Federal Defendants" either to strike the Second Amended Complaint or for a more definite statement; (3) the separate motion of one of the "Federal Defendants" to dismiss for lack of personal jurisdiction; and (4) plaintiffs' motion for leave to amend by filing a proposed Third Amended Complaint. The motions to strike are granted; the motion to dismiss is moot; and the motion for leave to amend is denied.

## BACKGROUND

As best I can tell, the essence of this case is that Anselmo Ortiz Ortiz and Jose Luis Espinosa Rodarte were detained and arrested as a result of racial profiling. Both gentlemen apparently were in the United States illegally at the time, but they allege that they were detained without reasonable suspicion and arrested without probable cause in violation of the Fourth Amendment and perhaps other laws. The problem is that the basic core of the case is lost in a pleading morass that successive iterations of the complaint have, if anything, made worse.

The initial Complaint, ECF No. 1, was 79 pages long, contained 134 numbered paragraphs (excluding the prayer for relief), asserted eight claims for relief, and named 19 defendants. Two of the defendants, the Conejos County Commissioners and the Conejos County Sheriff, moved to dismiss under Rule 12(b)(6) and for sanctions under Rule 11 and 28 U.S.C. § 1927. The motions became moot when plaintiffs filed their First Amended Complaint (which omitted the Commissioners but still named the Sheriff).

---

[1] Although the movants bill themselves as the "State Defendants," they include one individual (James) who was voluntarily dismissed before the Second Amended Complaint was filed, and they omit four individuals (Larreau and the three John Doe's) who presumably should be included among the "State Defendants."

The First Amended Complaint was 167 pages long, contained 584 numbered paragraphs (excluding the prayer for relief), asserted seven claims, and named 19 defendants. Two defendants (the Conejos County Sheriff, Robert Gurule, and a state patrol officer, Todd James) were voluntarily dismissed. The Court then, sua sponte, struck the First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure [ECF No. 51]. In its Minute Order the Court found that the First Amended Complaint "does not contain a short and plain statement of the claims, both due to its unnecessary and unreasonably length and because it contains a substantial amount of extraneous matter that has no place in a complaint." *Id.*

The plaintiffs then filed their Second Amended Complaint. This time Jose Luis Espinosa Rodarte was added as an additional plaintiff, although the allegations concerning him were relatively sparse. Plaintiffs allege that a state patrolman, Bryan Larreau (not previously named as a defendant) stopped Mr. Espinosa Rodarte in October 2014 purportedly on a (bogus) claim of a windshield obstruction, but actually because of his Hispanic appearance; interrogated him about his immigration status; arrested him; and turned him over to immigration officers. [ECF No. 53 at ¶¶6, 296.]

But the brevity of the allegations concerning Mr. Espinosa Rodarte is belied by the Second Amended Complaint as a whole. Although a little shorter than the First Amended Complaint, it has 137 pages, 491 numbered paragraphs (exclusive of the prayer for relief), asserts seven claims, and names 17 defendants. Once again various defendants responded with motions to dismiss or strike. But rather than responding to any of these motions, the plaintiffs filed a motion for leave again to amend their complaint. With that motion they tendered their proposed Third Amended Complaint. But this latest version is itself a monster: 151 pages long,

567 numbered paragraphs (exclusive of the prayer for relief), 17 claims for relief, and 16 defendants. [ECF No. 59-1.]

I wish to emphasize, however, that length is only one of the problems with these complaints. The Second Amended Complaint, for example, in parts reads as if counsel is just regurgitating a story told to him by his clients, in parts like a display of the breadth of counsel's knowledge of immigration law, and in parts like a polemic against the immigration system as a whole. Plaintiffs name several individuals who, based on the pleading itself, seem to have little if anything to do with what happened to Mr. Ortiz Ortiz and Mr. Espinosa Rodarte. It several times attributes wrongdoing to "defendant" [presumably former Security Janet] Napolitano but does not name her in the caption. The pleading contains excessive, often extraneous, allegations of supposed fact. For example, apparently worried about statute of limitations problems, counsel includes numerous allegations attempting to refute that potential defense that are better suited for a response to a summary judgment motion. Some of these allegations might make counsel a necessary witness. The convention of pleading "on information and belief," repeated 52 times in the Second Amended Complaint, seems to be viewed as an open invitation to plead anything that might turn out to have some basis in fact. Although the Court has not yet reached or decided the merits of any of the claims for relief, some of them appear to lack merit on their face (and they multiply in the proposed Third Amended Complaint).

## CONCLUSIONS

The Second Amended Complaint fails to comply with Rule 8's requirement of a short and plain statement of the claims. I am well aware that federal court plaintiffs need to plead sufficient facts to state plausible claims for relief. The Second Amended Complaint may or may

not meet that standard somewhere within its boundaries, but it fails any reasonable application of Rule 8.

The question is what to do about it.  The Court's comments in striking the First Amended Complaint appear to have fallen on deaf ears.  The proposed Third Amended Complaint is even worse, in a Rule 8 sense, than the first three versions.  It is unfair to repeatedly put all these defendants to the expense of filing motions to strike or dismiss, each time to be greeted by yet another version of the complaint that moots the latest round of motions.  On the other hand, it is possible that there might be a meritorious case in there somewhere.  If, and I emphasize if, there are law enforcement officers out there who are detaining or arresting people with no basis other than their Hispanic appearance, then that is a wrong that begs for a right.  But there comes a time when enough is enough.

The Court will give plaintiffs one more chance to structure a complaint that meets the letter and spirit of Rules 8 (and 11) of the Federal Rules of Civil Procedure.  No defendant should be named without a good faith basis in fact and law to believe that he or she committed a wrong that caused actual harm to one or more of the plaintiffs.  No claim should be asserted without a good faith basis to believe it is well grounded in fact and in law and is necessarily asserted in the proper representation of the plaintiffs.  No allegation of fact should be asserted without a good faith basis in fact and law.  This Court liberally permits amendment of pleadings if important facts are developed through disclosures and discovery.  If, however, plaintiffs file another non-compliant pleading, they should expect dismissal and the possibility of sanctions.

**ORDER**

1. The Motion to Strike Plaintiffs' Second Amended Complaint [ECF No. 54] is GRANTED. The Second Amended Complaint [ECF No. 53] is stricken.

2. The Motion to Strike Plaintiffs' Second Amended Complaint or, Alternatively, For a More Definite Statement [ECF No. 57] is GRANTED. The Second Amended Complaint is stricken.

3. The Motion to Dismiss Defendant Julie Myers Wood [ECF No. 58] is MOOT. The Court expresses no opinion on the merits of the motion. The Court assumes and expects that counsel will consider the viability of the plaintiffs' claims against Ms. Wood, including the jurisdictional issue, in his analysis of what claims to assert in a Fourth Amended Complaint.

4. Plaintiffs' Motion for Leave to Amend Complaint [ECF No. 59] is DENIED. It is denied because the proposed Third Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. The Court grants leave to amend, and specifically, to file a Fourth Amended Complaint that is Compliant with Rule 8.

DATED this 8th day of July, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge